# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

COMMUNITY MEMORIAL HOSPITAL
OF MENOMONEE FALLS, INC.,

        Plaintiff,

v.                                           Case No. 11-C-533

GFRC CLADDING SYSTEMS, LLC;
TOLMAGCO, INC;
and AMERISURE INSURANCE
COMPANY,

        Defendants.

# ORDER

Having considered the notice filed by Defendant GFRC Cladding Systems LLC, ("GFRC") on December 27, 2011, withdrawing its pending motion for summary judgment on the issue of successor liability (Docket No. 16) and the related filings (Docket No. 17-20), the Court approves the withdrawal of GFRC's summary judgment motion, and directs that the Clerk of Court terminate that motion.

In reviewing the file, the Court notes that the Defendants removed this action from state court based on the allegation that diversity jurisdiction exists under 28 U.S.C. § 1332. The party seeking a federal forum has the burden of establishing jurisdiction, and must demonstrate that removal is proper. *Boyd v. Phoenix Funding Corp.*, 366 F.3d 524, 529 (7th Cir. 2004).

The amended notice of removal alleges that Defendant GFRC is a Texas limited liability company ("LLC"), with its principal place of business in Garland, Texas. (Am. Not. Removal ¶ 6.) The allegations are insufficient to establish a limited liability company's citizenship. *See, e.g.*, *Cosgrove v. Bartolotta*, 150 F.3d 729, 731 (7th Cir. 1998); *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 533–34 (7th Cir. 2007). As a result, the Defendants have not established that this Court has subject matter jurisdiction over this matter.

For purposes of the diversity inquiry, the citizenship of every member of a limited liability company must be established by the party invoking federal jurisdiction. *See id.* It essential to trace the citizenship of all investors through all levels, for example if one LLC invests in another LLC.[1] *See White Pearl Inversiones S.A. (Uruguay) v. Cemusa, Inc.*, 647 F.3d 684, 686 (7th Cir. 2011).

Civil Local Rule 8 also states:

> If a pleading or notice of removal asserts jurisdiction based on diversity of citizenship, the pleading or notice must identify the amount in controversy and the citizenship of each party to the litigation. If any party is a corporation, the pleading or notice must identify both the state of incorporation and the state in which the corporation has its principal place of business. *If any party is an unincorporated association, limited liability company, or partnership, the pleading or notice must identify the citizenship of all members.*

(Emphasis added.) The Court will allow the Defendants to file a second amended notice of removal properly alleging the citizenship of *all* of the members of GFRC. Failure to comply

---

[1] In that regard, the Court notes that GFRC's disclosure statement filed on July 8, 2011, indicates that its sole member is GFRC Holdings LLC – a Texas limited liability company.

2

with the Court's order by the stated deadline will result in the remand of this action to the state court from which it was removed.

**NOW, THEREFORE, BASED ON THE FOREGOING, IT IS HEREBY ORDERED THAT**:

GFRC's notice withdrawing its pending motion for summary judgment on the issue of successor liability (Docket No. 16) and the related filings (Docket No. 17-20), is **APPROVED**;

The Clerk of Court is **DIRECTED TO TERMINATE** GFRC's motion for summary judgment (Docket No. 16);

**No later than January 31, 2012**, the Defendants must file an amended notice of removal consistent with this Order; and

Failure to comply with the Court's order by the stated deadline will result in the remand of this action to the state court from which it was removed.

Dated at Milwaukee, Wisconsin, this 10th day of January, 2012.

**BY THE COURT**:

_____
**HON. RUDOLPH T. RANDA**
**U.S. District Judge**